
EOD
03/03/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JULIE KRISTIN WELCH f/k/a | § | Case No. 08-40031 |
| JULIE KRISTIN KNUST f/k/a | § | (Chapter 7) |
| JULIE KRISTIN TIMMONS, | § | |
| | § | |
| Debtor. | § | |
| _____ | § | |
| | § | |
| AMERICAN EXPRESS CENTURION | § | |
| BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 08-4072 |
| | § | |
| JULIE K. WELCH a/k/a | § | |
| JULIE KRISTIN WELCH, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OF DECISION REGARDING
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

This matter is before the Court on the Motion for Summary Judgment (the "Motion") filed by Plaintiff, American Express Centurion Bank ("Plaintiff" or "American Express") on September 22, 2008. No response or objection to the Motion was filed by Julie K. Welch a/k/a Julie Kristin Welch ("Defendant" or "Debtor"). Based upon the Court's consideration of the Motion, the pleadings, and the proper summary judgment evidence submitted by Plaintiff, the Court concludes that Plaintiff's Motion for Summary Judgment should be granted in part and denied in part.

-1-

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) as well as the standing order of reference in this district. The Court has the authority to enter a final judgment in this adversary proceeding since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (I) and (O). This Memorandum of Decision embodies the Court's findings of fact and conclusions of law. *See* FED. R. BANKR. P. 7052.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 7, 2008, Defendant filed her voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").[1] Defendant listed current monthly income of $8,901 in the schedules filed with her bankruptcy petition, and she listed combined monthly expenses of $5,259.00. In addition, Defendant listed unsecured, non-priority debt totaling $811,970.98 of which $537,838.99 appears to be debt arising from the use of credit cards.

On March 31, 2008, Plaintiff commenced this adversary proceeding by filing a complaint seeking to dispute the dischargeability of a debt owed to Plaintiff by Defendant pursuant to § 523(a)(2)(A) and (a)(14) of the Bankruptcy Code. The summons and complaint were served upon Defendant on April 3, 2008. On May 1, 2008, Defendant filed an answer to the complaint. In her answer, Plaintiff stated that she had lost the job she had on the petition date and that she was working as a freelance writer.

---

[1] On December 10, 2007, Defendant's candy manufacturing business, McCraw's Candies, Inc., filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

Plaintiff's First Set of Interrogatories, First Request for Admissions, and First Request for Production of Documents were served upon Defendant on May 27, 2008.  When Defendant failed to respond to Plaintiff's discovery requests by the original deadline of June 27, 2008, Plaintiff offered to extend the deadline several times.  Defendant, however, has wholly failed to respond to Plaintiff's discovery requests.  In light of this fact, pursuant to Federal Rule of Bankruptcy Procedure 7036,[2] the matters included in Plaintiff's First Request for Admissions are deemed admitted.

Prior to her bankruptcy filing, Defendant maintained two revolving charge accounts with American Express (collectively, the "Accounts").  Defendant opened Account 1 in November 2003, and Defendant opened Account 2 in March 2004.[3]  Defendant was the authorized user on the Accounts, and Defendant made periodic charges on the Accounts in accordance with the terms of the cardholder agreements.

The charges that are the subject of this adversary complaint occurred more than 60 days prior to the time Plaintiff filed her bankruptcy petition in January 2008.  In particular, from June 26, 2007 to August 10, 2007, Defendant made 171

---

[2] Federal Rule of Bankruptcy Procedure 7036, applying Federal Rule of Civil Procedure 36, provides, in part, "The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." FED. R. CIV. P. 36(a).

[3] In the definitions contained in Plaintiff's Request for Admissions, Platinum Card account no. xxxx-xxxxx-x3003 was identified as Account 1 and Blue Cash Card account number xxx-xxxxx-x1007 was identified as Account 2.

charges totaling $74,671.38 for goods and services on Account 1. Plaintiff contends that 14 charges totaling $3,212.29 were incurred for luxury goods and services. Two charges totaling $28,204.22 were incurred for lodging at the New York Palace Hotel and Korman Communities. Furthermore, $8,756.58 was charged at the U.S. Treasury for tax payments.

Between June 26, 2007 and July 10, 2007, the Defendant made several payments totaling $101,100.00, which were applied to the previous balance due on Account 1. After incurring all of the charges referenced in this adversary complaint, the Defendant made only one payment in the amount of $45,000.00 for the amount owed on Account 1. The $45,000.00 payment was later returned due to insufficient funds. A further $9,260.27 was applied to Account 1 in finance charges and late fees due to Defendant's non-payment. After crediting $667.93 to Account 1 for returned merchandise or services, Plaintiff claims that it has sustained loss and damage in the amount of $83,263.72 on Account 1.

With respect to Account 2, Defendant used Account 2 in 10 transactions totaling $10,615.84 between May 14, 2007 and July 14, 2007. The charges included one transaction in the amount of $9,791.36 at Larry Dimmit Cadillac. In addition, $1,498.75 was applied to Account 2 in finance charges and late fees due to Defendant's non-payment. After taking into account all applicable credits and payments, Plaintiff claims that it has sustained loss and damage in the amount of $10,838.59 on Account 2.

The terms and conditions of the account agreement between Defendant and Plaintiff with respect to Account 1 call for payment in full on the "regular" portion of the account, while a minimum payment is due on the "flexible" portion of Account 1. The terms and conditions of the account agreement between Defendant and Plaintiff with respect to Account 2 call for a minimum payment on Account 2 upon receipt of the monthly billing statements. Account 1 had a balance of $219,235.52 at the time of the bankruptcy filing, while Account 2 had a balance of $20,759.64 at the time of the bankruptcy filing.

Each of the account agreements with Plaintiff calls for costs of collection, reasonable attorney's fees, plus the costs and expenses of any legal action necessary for collection on the Accounts. Among the facts deemed admitted are that each time Defendant made a charge on the Accounts, she made an implied representation to Plaintiff as to her intent to repay the debt in accordance with the applicable account agreement. Plaintiff is also deemed to have admitted that, when she incurred the charges described in the adversary complaint, she knew that her income was insufficient to repay Plaintiff. In addition, Plaintiff is deemed to have admitted that she incurred the charges described in the adversary complaint without the intent to repay the debt to Plaintiff.

### III. DISCUSSION

Plaintiff contends that through Defendant's continued use of the Accounts, Defendant made implied representations that she would repay the debt. Further, Plaintiff contends that Defendant made these representations, knowing they were

false, with the intent to deceive Plaintiff and induce Plaintiff to continue to extend credit, that Plaintiff actually and justifiably relied upon these representations, and this reliance was the proximate cause of Plaintiff's monetary losses and damages. Plaintiff contends that Defendant was insolvent at the time she incurred the charges described in the adversary complaint, that she incurred the charges with reckless disregard to the belief that the debt could be repaid, and that Defendant had the specific intent to deceive American Express.  For these reasons, Plaintiff seeks summary judgment against Defendant in the total amount of $94,102.31 and a ruling that (i) the entirety of the debt is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A), and (ii) $8,756.58 of the debt is also nondischargeable pursuant to 11 U.SC. §523(a)(14).  Plaintiff additionally requests attorney's fees in the amount of $1,260.00 and costs in the amount of $250.00.

### *A. Standard for Summary Judgment*

American Express brings its Motion for Summary Judgment in the adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056. That rule incorporates Federal Rule of Civil Procedure 56, which provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of persuasion at trial. If, as in this case, the burden of persuasion at trial is on the moving party, "that party must support its motion with credible evidence--using any of the materials specified in Rule 56(c)--that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331; *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322. Factual controversies are resolved in favor of the nonmoving party, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but only when there is an actual controversy -- that is, when both parties have submitted evidence of contradictory facts. *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Defendant in this case has not submitted any argument or evidence in opposition to Plaintiff's Motion. Nevertheless, Plaintiff has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the

Plaintiff's Motion for Summary Judgment, regardless of whether any response was filed. *See Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985).

### B. 11 U.S.C. §523(a)(2)(A)

Section 523(a)(2)(A) of the Bankruptcy Code provides that:

> [A] discharge under §727 of this title does not discharge an individual debtor from any debt for money, property, or services, ... to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. §523(a)(2)(A). In defining the elements to be fulfilled under §523(a)(2)(A), the Fifth Circuit has "distinguished between actual fraud on the one hand and false pretenses and representations on the other." *RecoverEdge L.P. v. Pentecost,* 44 F.3d 1284, 1292 (5th Cir. 1995), *modified by Field v. Mans*, 516 U.S. 59 (1995). The elements for each are "different but somewhat overlapping." *AT&T Universal Card Servs. v. Mercer (In re Mercer),* 246 F.3d 391, 404 (5th Cir. 2001).

As the Fifth Circuit noted in *Mercer,* "most courts considering card-dischargeability have applied elements similar to those described in Pentecost for 'actual fraud.' Those elements are appropriate for determining card-dischargeability because....card-use lends itself to that analysis." *Mercer,* 246 F.3d at 403. To have a debt excepted from discharge pursuant to the "actual fraud" provision in § 523(a)(2)(A), an objecting creditor must prove that: (1) the debtor made representations; (2) at the time they were made the debtor knew they

-8-

were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor; (4) that the creditor justifiably relied on such representation; and (5) that the creditor sustained losses as a proximate result of the representations. *See RecoverEdge L.P. v. Pentecost*, 44 F.3d at 1293.

In this case, by virtue of Defendant's deemed admissions, even when viewed in the light most favorable to Defendant, the proper summary judgment evidence offered by Plaintiff establishes without controversy that, by using her credit lines with Plaintiff, Defendant made an implied representation to Plaintiff of her intent to repay the debt. This representation was false based upon the admitted fact that Defendant had no ability to pay those charges. Because Plaintiff's summary judgment evidence establishes that Defendant's representation to pay was knowingly false, Defendant's intent to deceive the issuer based upon such false representations existed as a matter of law. Actual reliance by Plaintiff is also established as a matter of law because of the uncontested fact that Defendant invoked the credit lines offered by the credit cards, leading Plaintiff to extend such credit. The summary judgment evidence establishes that Plaintiff's reliance upon Defendant's false representations was justifiable in that there is no summary judgment evidence that even suggests the existence of any red flags which should have triggered any question by Plaintiff about Defendant's intent or ability to repay the debt. Finally, because it is uncontested that Defendant falsely represented her intent to pay the debt and Plaintiff justifiably relied on that

misrepresentation, Plaintiff's loss arising from the unpaid account charges resulted from that justifiable reliance as a matter of law.

### C. 11 U.S.C. §523(a)(14)

Section 523(a)(14) excepts from discharge any debt "incurred to pay a tax to the United States that would be nondischargeable under [11 U.S.C. § 523(a)(1)]." Paragraph (1) of section §523(a) makes nondischargeable certain tax debts accrued within certain periods of time before a bankruptcy filing. Thus, in this case, the question is whether the taxes paid by Defendant using Account 1 would have been a §523(a)(1)(A) nondischargeable tax.

Plaintiff relies on Defendant's deemed admissions and the monthly statements for Account 1 to establish its §523(a)(14) claim. The deemed admissions and monthly statements, however, simply establish that Defendant made two charges totaling $8,756.58 for "U.S. Treasury tax payments." The deemed admissions and monthly statements do not establish whether the taxes paid by Defendant would have been nondischargeable under §523(a)(1). Accordingly, the Court concludes that Plaintiff has not established its §523(a)(14) claim as a matter of law and that Plaintiff's request for summary judgment on its §523(a)(14) claim must be denied.

### D. Attorney's Fees

Under the "American Rule" applied in federal litigation, a prevailing litigant may not collect attorney's fees from his opponent unless such fees are authorized by federal statute or an enforceable contract between the parties. *See In*

*re Sheridan*, 105 F.3d 1164 (7th Cir. 1997). The only statutory authorization for an award of attorneys' fees in a dischargeablity proceeding is found in 11 U.S.C. §523(d). Section 523(d) gives a prevailing debtor a right to attorney's fees in an adversary proceeding, as follows:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. §523(d).

The Plaintiff in this case has requested $1,260 in attorney's fees in the event the Court grants its Motion for Summary Judgment. With regard to a request by a prevailing creditor for attorney's fees, attorney's fees form a part of a bankruptcy claim and can be nondischargeable where the creditor has a contractual right to them valid under state law. *See Jordan v. Southeast Nat'l Bank (In re Jordan)*, 927 F.2d 221, 226-27, *overruled on other grounds by Coston v. Bank of Malvern (In re Coston)*, 991 F.2d 257 (5th Cir. 1993). If the contractual right to attorney's fees is valid and enforceable, that obligation becomes part of the "debt" deemed non-dischargeable under §523(a)(2). *See, e.g., In re Sheridan*, 105 F.3d at 1166-1167.

Here, as previously discussed, the account agreements allow Plaintiff to recover its attorney's fees from Defendant. Plaintiff, however, has not submitted any evidence in support of its request for attorney's fees. Moreover, Plaintiff did

not properly plead a claim for attorney's fees in its adversary complaint. A general demand for attorney's fees in the prayer for relief does not state a proper claim as required by the relevant procedural rules. *See* FED. R. BANKR.P. 7008(b) ("A request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third party complaint, answer, or reply as may be appropriate."). *See also, e.g., Hartford Police F.C.U. v. DeMaio (In re DeMaio),* 158 B.R. 890, 892 (Bankr. D. Conn. 1993) ("Statements made in a *prayer* are insufficient to satisfy the requirement that attorney's fees be stated as a *claim.*" (emphasis in original)); *Kansas City, St. L. & C.R. Co. v. Alton R. Co.*, 124 F2d 780 (7th Cir. 1941) (the body of the complaint, not the prayer for relief, was considered to be controlling). The Court, therefore, concludes that it is (at best) premature to decide Plaintiff's request for attorney's fees. However, in the interest of judicial economy, the Court will order that, if Plaintiff wishes to pursue its claim for attorney's fees, Plaintiff shall submit, in the form of a motion and affidavits and exhibits thereto, such evidence and argument as it wishes to present on the issue of an award of reasonable attorney's fees.

## IV. CONCLUSION

The Court concludes that Plaintiff, American Express, is entitled to summary judgment that $94,102.32 of the debt owed to it by the Defendant is nondischargeable pursuant to §523(a)(2)(A) of the Bankruptcy Code. If Plaintiff elects to pursue a claim for attorney's fees and submits further evidence and argument to the Court, the Court will thereafter issue a ruling on the fee request

without the necessity of oral argument and proceed to enter an appropriate judgment consistent with its fee ruling and this Memorandum of Decision. An appropriate order granting, in part, Plaintiff's Motion for Summary Judgment and permitting additional evidence and argument regarding Plaintiff's request for attorney's fees will be entered consistent with this Memorandum of Decision.

Signed on 3/3/2009

*Brenda T. Rhoades*   SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE